May it please the court. My name is John Rapp with the Seattle Law Firm of Smith and Hennessey. I'd like to reserve four minutes for rebuttal. I'm here today representing the appellant in this case, Astronics Advanced Electronics Systems. This appeal comes from the District Court of the Western District of Washington and it arises under 28 U.S.C. 1782, the so-called Foreign Discovery Statute. This discovery action parallels an action on the merits that was brought by our opponent here today, Lufthansa Technik in Mannheim, Germany. That is a patent infringement dispute. Lufthansa Technik is the principal competitor of Astronics, which is based here in Seattle. We both make competitive products in the power outlet market worldwide. This court has made a handful of rulings over the years under Section 1782, including fairly recently, or actually before Intel, a decision called Four Pillars in which this issue of extraterritorial production of documents was explicitly reserved. This was the court also that was a decision that was decided by the U.S. Supreme Court in 2004. Counsel, could I get you to the question that's on my mind, is putting aside the relatively novel and difficult issues, whether 1782 permits a court to order discovery in a foreign country, it's putting all that to the side. If it's still in the discretion of the district court whether to order that discovery, you know, why would, why is there an abuse of discretion if Judge Kunauer decides not to do it? You know, he gives his reasons. He doesn't do it. Under our standards, why should we conclude there's an abuse of discretion? Well, first of all, Your Honor, I would argue that deciding this case by this court in that way would be made on an incomplete record because the way Judge Kunauer did it was a matter of law that no district court had the power to order extraterritorial production of documents. He did not go further and engage in the four-part intel analysis with the four factors that guide the discretion of the district courts. So this issue was teed up as a pure issue of law. Well, but didn't he also cite four pillars and that's the case that says that the Chinese courts are best suited to decide. And in this case, the German courts not only are arguably best suited to decide what's discoverable or relevant under their law, but they did, right? Correct. It's an interesting question and one that's actually been mooted in the secondary sources in the law review commentary quite considerably is this so called quasi-exhaustion requirement, which was actually first articulated by the same Judge Kunauer in a case called Digitechnik. Believe it or not, the way the We actually went to Germany and tried to get this document and were refused it. Paralleling very similarly what was at issue in intel, which was the so-called foreign discoverability requirement. The U.S. Supreme Court rejected the foreign discoverability requirement in intel and we, with all due respect, think the Supreme Court would probably decide the same way in this case because it's very clear that the statute expressly includes the Federal Rules of Civil Procedure. But going back... Well, how does that help us? How does that help us? Because there is extraterritorial production of documents under the Federal Rules of Civil Procedure. That's been decided for a long, long time. But it seems to me it still begs the question because in this situation, it's not even like four pillars where the court was saying, gee, the Chinese court should decide that for themselves. But in this case, isn't it going to be a pretty dramatic end run given that the German courts have decided that under their rules, this document that was requested is not relevant? That's what I'm really struggling with and I just want to give you a fair chance to tell me why I'm wrong. Sure. Well, that's absolutely correct. There's no question that once you play out the lines of logic in this appeal, there is a different standard of discoverability being used in Germany as there is here. And I would point for some help on this subject to a case that came out of the Second Circuit, the Brandy Dorn case in 2012, which is cited, I believe, in both our briefs, certainly in mine, which the Second Circuit actually on the basis of the intel logic went further and said not only does the information not have to be discoverable, it doesn't even have to be admissible. Clearly extending the intel holding to a Does that answer your question, Judge? I think it does. I appreciate that. Could I pose another question for you? Sure. Let's assume that Judge Knauer orders the production of these documents by Lufthansa in Germany. Then you go to Germany and they produce some documents, some other documents they don't produce or they object to producing or whatever they do, you get a batch of documents and have reason to feel it's inadequate. Okay, now you want to try to make some sort of motion to compel or further on motion. Is that motion something you present in a German court or you come back to the Western District and again ask Judge Knauer to enforce his order? And so I assume it's the latter, right? Yes, Your Honor. So how is he supposed to know what's going on in the parallel proceedings in the German court? Well, on that epistemological point, how does he know he would rely on us to brief him the same way we would through declarations affidavits? I think your question though raises a much bigger issue that I am prepared to address and that is what power does he have over Lufthansa Technik? We have argued, in fact, one of the most interesting and clearly joined issues in this appeal is whether specific jurisdiction is sufficient under 1782 or whether general jurisdiction, systematic and continuous presence is required. We've argued on the basis of this court's Yahoo ruling, which was done in Bonn just a few years ago. I've got the that once Lufthansa Technik came here and availed itself of the powers of the Western District of Washington, at least for anything related to this petition, they are subject to the personal jurisdiction of this court. Now my learned counsel I'm sure will have some argument to the contrary, but let's just as a matter of fact also develop or at least suggest what the record might develop into where this case remanded for certain findings. Lufthansa flies in and out of Sea-Tac every day. It's the parent corporation of Lufthansa Technik. It's the parent corporation of Lufthansa USA, which is listed with the Washington Secretary of State, has an office actually in this county. There's The Second Circuit just ruled in another appeal in this action that the parent does have power over its subsidiaries to order production of documents. In fact, that case has been moved back here. So we believe, particularly given that there's ongoing jurisdiction even of Lufthansa's initial petition, I mean there's still ongoing discovery, there's still a motion that's potentially could be made by Lufthansa, that the jurisdiction of the Western District of Let me assume that there's jurisdiction over Lufthansa. There's still the question whether the district court making orders to make it produce documents in Germany is just somehow going to collide with the German court in some way. And I wondered if if any of these 1782 cases discuss what sometimes is called the doctrine of comedy or comedy. Yes. In other words, does the district court have to take that into his calculation? And I realized you have some arguments on the other side about reciprocal discovery and so on. But on the Lufthansa side, should the district court consider the comedy element when the German court has ruled on this? Yes, Your Honor. There certainly is a comedy issue. And this issue was addressed by the U. S. Supreme Court both in the Intel ruling in 2004 and then the Society International case in 1987 that involved the Hague Convention. And in both those cases found that although comedy is a consideration, it's something the district court should look at. It does not affect the power of the court to order discovery in appropriate circumstances. And we submit that this is a very unusual circumstance. Hundreds of thousands of documents have been reviewed by Astronix for Lufthansa. We've received not a single page, not a single page, of the face of the complaint filed in Germany referenced as the basis for Lufthansa suit. Under the licensing agreement, the plaintiff has reserved the right to assert claims. Even that document has not been produced in Germany. So there's no question that there's a different standard being used in Germany than there is here. And again, it fits in with those two prior rulings as to what this court is willing to do about that. Looks like I have only four minutes left. Yeah, would you like to reserve some rebuttal time? I'll make it three minutes. I'll just quickly sum up a couple of other points here. We'll add a minute or two to your rebuttal because we took up so much of your time. Okay. Thank you. So ultimately, I think, Your Honor, the question here is, as the U.S. Supreme Court said in Intel and also cited the Second Circuit case of Aldenaze, are district courts free to read extra statutory barriers to discovery into Section 1782? And we suggest the answer is no. And in fact, again, some commentators have called this the retention of powers under the federal rules of civil procedure because it's absolutely clear, if this were a case in U.S. District Court, that the district judge would have the power he thinks he lacks under this statute. I thought you were going to ask a question. No, no, no. I'm just trying to think through what you're saying. So I believe with that, I will save the rest for my rebuttal. Thank you. Okay, Stacey, could you go ahead two minutes to that three minutes of rebuttal? So give him five minutes of rebuttal because it's a very challenging case. And we proceed with, is it Mr. Rosenberg? Yes. So you and your colleague might get the award for coming the farthest argument today. Pleased to do so, Your Honor. May it please the Court, Lawrence Rosenberg for the Respondent Appellee Lufthansa Technique AG in Germany. The district court below properly denied AES's discovery request for at least four reasons, some of which we've already touched upon today. AES's reading of the statute stretches it past the breaking point. And first and most importantly, the district court properly ruled under the four pillars case that it was within the discretion of the district court to deny discovery. We are here. The documents were sought from a German company for use in a German proceeding. They're located in Germany. And the German court, the German court rather declined to order their production, even though it had the authority to do so. This is as clear a case as I think you could have under four pillars of circumstances where the district court's exercise of discretion was appropriate. Forgive me, Judge Gould. I'm sorry. I just wanted to confirm because I thought counsel four pound argued a little differently on this. Did the district court expressly base its opinion in part on the exercise of discretion? I think the key word there is expressly. I'm not sure how express it was, but I think the fair reading of the decision is that it did. The court made three alternative hoping. Can I just ask you before you move past that point, what's the strongest indication that it did? Well, it cited the intel case. Um, after it said that as a matter of law, it thought that extraterritorial discovery was not permitted under the statute. The court said, uh, the ninth circuits reasoning in four pillars, um, governs here. And then it says, even if section 1782 could be read to permit discovery of documents located overseas, it said the documents here, the documents AES seeks are located in Germany where the Mannheim action, uh, is pending. Then the court said as a the German courts are the best situated to adjudicate any dispute as to discovery of those documents. And in the order of this court, granting discovery of the documents located in Germany would invite conflict with the Mannheim court. That's not a ruling as a matter of law that it's foreclosed. That's, in my view, a pretty clear exercise of the court's discretion consistent with what this court had said in four pillars. And I think that's the easiest and clearest way to resolve this case to say that that was not an abuse of discretion. Is the action in Germany still stayed? Um, it, uh, it is not. Well, it is. Let me explain this. The reason the infringement action in Germany was stayed was pending a separate nullity or validity action. Yes, the nullity action has been decided in Lufthansa's favor and claims one in combination with claims to or claim three of the patent have been upheld as And our understanding from German counsel is that the Mannheim court at any moment may issue its final ruling on infringement. Um, so it's back in the Mannheim court. There is every expectation. The Mannheim court has communicated with counsel, asked them if they had any supplemental materials to file. And we believe within the next 60 days there will be a decision from the Mannheim court. So, so counsel's argument in his briefing, um, is a pretty consistent refrain that when Lufthansa wanted its documents that Lufthansa argued that there was this very important action that you're both parties to in Germany, that it was stayed, but that once it got unstayed, if you will, once it went forward, it would move very quickly. So you, your client needed its discovery. Yes. How does that play into the fact, you know, in that, that's sort of a variation of this reciprocal argument. Should judge Kuhnauer have taken that into account as an exercise of his discretion? Um, I think he did take it into account as an exercise of discretion. That, that fact was, was, was briefed to judge Kuhnauer. It didn't appear in the opinion, but it was certainly something he was able to consider at the time. So before you leave that point and you think the strongest indication that he did consider it is what counsel just that it was in the briefing. Well, it was in the briefing and there were multiple orders. The order that's on appeal here, I think could be read in context. There were multiple other orders in Lufthansa section 1782 proceeding where I believe that was specifically discussed the timeframe and what would happen. For example, um, judge decided by judge Kuhnauer as well. Yes. Judge Kuhnauer denied a motion to stay that AES had filed on the basis of the stay in Mannheim and that was denied. And one of the reasons was the timeframe. I want to address just for a minute, this particularly unpersuasive argument in this case. First of all, AES had every opportunity to ask judge Kuhnauer to condition his, his order providing discovery to Lufthansa on a reciprocal production of, of documents. But they chose not to do so. They strategically argued that because their requests for reciprocal discovery were so broad and Lufthansa wouldn't agree to them, that the court should deny outright the production of documents to Lufthansa. And judge Kuhnauer said, no, said that the, the production of documents to Lufthansa should happen. Then after that ruling was issued, AES moved judge Kuhnauer to reconsider and only then order Lufthansa to produce documents. And judge Kuhnauer said, that's out of time. That's inappropriate. The whole deal with reciprocal discovery is in certain circumstances, it may well be to order on reciprocal discovery. But that puts the company in a choice where it can voluntarily decide to produce documents. It is a very different thing to take a company and documents overseas and order those documents to be produced, not give a company a voluntary choice. So AES had the opportunity to ask the court to do it. It didn't. Then the court ruled against it on the motion for this court, but then withdrew the appeal the day their brief was due. In that circumstance, as we've said in our brief, they're foreclosed for making that reciprocity argument. And moreover, it's a very unpersuasive argument. I'll just add at this point that Mr. Ratt made a few comments about the way they've spent thousands of hours searching for documents on Lufthansa's behalf. I just have to note that that only occurred after two years of contentious litigation and a contempt order from Judge Kunauer because AES refused three orders of Judge Kunauer ordering the production of documents, and they still refused to produce the documents. The other point that Mr. Ratt made was that the Second Circuit, a couple of weeks ago, ordered in a related proceeding that Astronix, the parent of AES, could be compelled effectively by the court below to produce a concession of Astronix's counsel, not Mr. Ratt, a different lawyer, at the oral argument that they were conceding that Judge Kunauer had jurisdiction, that they were conceding that Astronix was found within the Western District of Washington, and that they were conceding that they were obligated to undertake that discovery. So the Second Circuit didn't issue any kind of ruling that we believe assists AES in this appeal. In addition to the exercise of discretion argument, which I think is the easiest and most compelling way for the court to rule, we also believe that Judge Kunauer's alternative ruling that Lufthansa Technique Germany is not found in the Western District of Washington is absolutely correct. And to begin with, as we've explained in our brief, all of the cases, I believe, that have examined this issue have said that it is the burden on the party seeking production of documents to establish that the standard. The standard, according to I think it's the Godfrey and other cases, is if there is any serious question about whether the respondent is found within the district, then it's inappropriate to grant the discovery. What does it take to be found within the district? The cases have said that it takes continuous and systematic contact, somewhat akin to a general jurisdiction analysis. What is he wrong about? Thank you for confirming that. It's what I have in my notes. So why is he wrong about his position that Lufthansa is continuously and systematically present in the Western District of Washington? To be clear, the entity at issue here is Lufthansa Technique AG in Germany. They have no contact. He's got the wrong entity. I agree. Deutsche Lufthansa flies airplanes into the airport every day. It's a different entity. It's a completely different entity. It has nothing to do with this dispute. What's his point? The pertinent entity is continuously and systematically present. I don't think he has any argument that our client is continuously present. Except that it availed itself of the jurisdiction, surely? The only argument he has is that he doesn't even argue continuous and systematic context. He argues specific jurisdiction only because we brought our own Section 1782 action. And I would submit to the court a few things. First of all, no court ever has held that specific jurisdiction is enough to have a found-in requirement under the statute. And in fact, if that were the case, the found-in requirement would be superfluous, right? Because the found-in requirement subsumes either specific or general jurisdiction. There's got to be minimal contacts one way or the other for there to be a found-in. The Edelman Court in the Second Circuit opinion explains that in great detail. So if specific jurisdiction were enough, right, then the found-in requirement would just collapse to specific jurisdiction. It would have no independent significance. That can't be, I would submit the right reading. Although we don't have any Ninth Circuit case law on that, do we? We don't have any specific Ninth Circuit case law, and I am reluctant to wade into Yahoo, which I will try for a minute. I know Judge Gould was involved in that case. I've spent a lot of time reading that case over the last week or so. I think there is an argument. First of all, I don't think Yahoo applies because that was specific jurisdiction in a different context. But I think if you looked at what the court actually held on specific jurisdiction there, it said that because the actions of the French court were international actions that had effects, arguably, in the United States, one reverted to the Supreme Court's test in the Calder case. And if you actually look at that test, prong three requires some showing of harm in the jurisdiction. And I would submit that producing documents under Section 1782 cannot be considered harm under the meaning of an international effects analysis. What about benefits, where you invoke the benefits and protection of the laws of the district? What significance should we draw from that? Right. Well, as I say, I don't think that's Yahoo, but that's a good question. I think that in this circumstance, 1782 is kind of its own unique kind of sui generis creature. And I think it is true that we did seek the benefits of the court, but only for the limited purpose of discovery under the statute. And I don't think... But you got benefits and protection including, I think there was a contempt order, $1,000 a day. Yes. There was benefit and protection. I'm not disputing that. What I'm saying is I don't think that gives specific jurisdiction in the sense that Yahoo is talking about. And the courts that have actually considered this issue, and there aren't that many, whether, you know, one side 1782 action means jurisdiction over the other side 1782 action, have said that it doesn't. And we cite a couple of cases in the brief that say that. I don't think any court has come out the other way. And I think the reason is that the found in requirement is, as I say, greater than any specific jurisdiction issue. And so the courts have looked at this and sort of, I think, realized, look, maybe there's specific jurisdiction, maybe there isn't. But that's not enough. And I would commend the court to affirm on that alternative ground that Lufthansa is not found within the district. And again, it was AES's burden to show that. And they didn't even attempt to do that. They had a declaration from their counsel with no factual support simply averring that Lufthansa was in the district. We responded with several fact declarations, including from the CEO of one of the Lufthansa North American entities, explaining that Lufthansa Techni Germany has no presence in the Western District of Washington, or for that matter, anywhere in the United States. And then very briefly, as far as alternative possible grounds for affirmance, I mentioned that the reciprocity argument has been foreclosed. I would also note that while Judge Kuhnhauer didn't explicitly do an intel factor analysis, his discretionary analysis is very consistent. But Judge Brody, in the companion case in Brooklyn, did do a full-blown intel factor analysis. And she found that all four intel factors weighed against the discovery request that AES asked of the Lufthansa parent in that jurisdiction. And that's another ground on which the court could affirm if it so chose. The last point I think I would address just briefly is the so-called digitechnic doctrine that Mr. Rapp mentioned. I don't think that doctrine has any application here. A digitechnic was a very different case. That was a case that dealt with documents in France, or sorry, documents in the U.S. rather, that that was a question whether the French court could order. And in that case, Microsoft had provided Judge Kuhnhauer with very compelling evidence that the French court had the authority to order those documents if they so chose. And the petitioner's failure to even think about going to the French court that had the authority to produce them was one issue. But the big reason why Judge Kuhnhauer denied discovery in that case was that the petitioner had waited over a year for when the documents became relevant to bring the Section 1782 request. And if anything, that cuts against AES's position because AES waited quite a long time in these proceedings to bring any action for discovery of their own. Unless the court has any further questions. Thank you, Counselor. Thank you very much. Thank you. Okay, Mr. Rapp. Thank you. If I could beg the court's indulgence to pull out your pencil for a minute. It's very clear that Judge Kuhnhauer, whose mind I would never purport to go inside of, but he knows how to do a full-blown four-factor intel analysis. He did one beginning at ER 129. He had jurisdiction over two actions here. He did it in the other action, in our action at ER 006. He did not. So we believe it's quite clear that he acted deliberately in that way. My learned counsel, who probably knows as much about this topic as anybody in the country, I think may have slightly overstated his point when he said, no court ever has found specific jurisdiction to be enough. In addition to the Yahoo argument, which obviously was not under 1782, the 2002 decision in Ray Edelman from the Second Circuit talks about tag jurisdiction, where Masoura Tattinger was over for an art show in New York and somebody served him with a 1782 request. He was not systematically and continuously present there, and the court upheld that service as effective, and he was forced to submit to a deposition. On the issue of so-called preclusion, I would ask the court to look at ER 230, which is the table of contents of the initial pleading resisting our petition from Mr. Rosenberg. There's this preclusion argument. This argument that somehow we failed to ask for reciprocity at the right time was waived by lack of preservation. In addition, at ER 104 is where Judge Kunauer explicitly suggests that we can bring another action, and he will consider it. And actually, the District Court in Indiana ruled on this exact basis, where a magistrate invited an additional petition and held that there was no bar there. That's the Knowledge AZ case. Finally, I'd like to just sum up by going back to first principles here. The Supreme Court in Intel said the following, beyond shielding material safeguarded by an applicable privilege, nothing in the text of 1782 limits a court's production order authority. And then it goes on, and it also cites the Aldenazi case, which has the de novo standard for any time extra hurdles are put on to this particular statute. The Horaeus-Kolzer case, which is the famous Judge Posner decision that actually was argued by Mr. Rosenberg as well, says that the standard boiling all these things down, this is a 2011 opinion, is that under 1782 a party can obtain, quote, as much discovery as it could if the lawsuit had been brought in the domestic court rather than abroad. It's very clear here that to the extent the District Court is trying to set an example for foreign countries to follow, giving tens of thousands of pages to one side and zero to the other, including a document that's referenced twice in their own complaint, is not setting a good example. In fact, if this were a District Court here, we'd probably be in a writ of mandamus territory where, you know, to give any discovery to one party and lots to the other would just be so grossly disproportionate under the principles that inform the federal rules. Finally, in my last bit of thinking here recently, I found a couple of interesting additional authorities that I thought might be helpful to the court. One is the District Court opinion. I don't have a Westlaw site. It appears to only be online. It's the case in re-application of Chevron Corporation. It was decided on June 12, 2012, and it's the whole, the Ecuadorian litigation. And in there, there's a long discussion of why extra-territorial production of under this statute. And has Apelli received these authorities that... Not this last one. I will put this in a letter today. Okay. So on that note, I would just note that there is a split, and this circuit helped heal such a split in the Intel case, and I would urge it to do so again, particularly in the world of cloud computing, where even discovering where a particular document exists can be quite difficult. We appreciate your attention. Thank you. Thank you, Mr. Ratt. Okay. We'll ask that that last authority be put into a 28-J letter, and the Apelli can file a responsive letter if they want. The Astronix versus Lufthansa. Tech. I wanted to say tech. Technique. Technique. Now that I know they're different entities. Case shall be submitted.
judges: Kobayashi, Gould, Christen